ZURICH AMERICAN INSURANCE
CO., Plaintiff,

v.

The PILLSBURY CO., et
al. Defendants.

No. 02 C 9244.

United States District Court,
N.D. Illinois,
Eastern Division.

May 28, 2003.

Marlene Ann Kurilla, Carrie Luedde Graziani, Cremer, Kopon, Shaughnessy & Spina, Chicago, IL, for Plaintiff.

Terry M. Grimm, Timothy John Rooney, Michael Alan Flomenhoft, Nathan E. Hoffman, Winston & Strawn, Chicago, IL, Mark J. Feinberg, Michael Edmund Jacobs, Zelle, Hofman, Voelbel, Mason, Gette LLP, Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

BUCKLO, District Judge.

The Pillsbury Company ("Pillsbury"), a Delaware corporation with its principal place of business in Minnesota, was insured by Zurich American Insurance Company ("Zurich"), a New York corporation with its principal place of business in Illinois, under a policy that provided coverage for physical loss or damage to Pillsbury property. During the insured period, on March 27, 1999, an explosion and fire occurred at an Iowa plant that was producing Haagen–Dasz ice cream for Pillsbury. Pillsbury alleges that it incurred two types of losses following the fire. First, it claims that it lost revenue during the time production was interrupted (the "recovery period"). Second, it claims that the business interruption resulted in a loss of market share, which necessitated additional expenditures in order to return Haagen–Dasz to its original place in the market in the twelve months following the resumption of production (the "extended period").

Pillsbury requested, and Zurich paid, approximately $19 million for losses incurred during the recovery period. However, Zurich denied Pillsbury's claim for

approximately $21 million in losses incurred during the extended period. The insurance contract contained an appraisal clause holding that in the event that the two parties could not agree on the amount of loss, either party could demand an independent appraisal of the question. On April 21, 2001, Pillsbury made such a demand, but Zurich claims that it failed to do so within the 60–day time frame mandated by the appraisal clause.

On August 19, 2002, Zurich filed a complaint in the Circuit Court of Cook County seeking a declaratory judgment that Pillsbury's extended period loss is not covered. However, Pillsbury was not served with that suit until November 19, and on November 8, prior to service, it filed its own suit against Zurich in the United States District Court in Minnesota, seeking resolution of the same issues. In December, Pillsbury removed the Illinois case to this court. The Minnesota action was served on Zurich on January 24, 2003.

Pillsbury has now filed a motion to dismiss the case on the grounds that it duplicates the issues at stake in the Minnesota litigation, or in the alternative, for transfer to the District of Minnesota for consolidation. I deny the motion to dismiss and grant the motion to transfer.

Pillsbury bases its argument for dismissal entirely on an Illinois procedural statute, 735 ILCS 5/2–619(a)(3), which provides for the dismissal of suits that duplicate already pending litigation between the parties. As its lawyers must surely have been taught in Civil Procedure, a federal court sitting in diversity applies state substantive law, *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), but federal procedural law. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature.") There is no such thing as a motion to dismiss under 735 ILCS 5/2–619(a)(3) in this court; there are only motions to dismiss under Federal Rule 12(b). As Pillsbury has failed to support its motion with any argument that is cognizable in this court, the motion is DENIED.

Pillsbury does, however, make a proper motion to transfer pursuant to 28 U.S.C. § 1404(a), which states that a case may be transferred to another federal court in which it may have been brought in order to better serve the convenience of parties and witnesses and in the interest of justice. The question of convenience is a close one in this case, but I need not analyze it, as it cannot be in the interests of justice to allow two nearly-identical lawsuits between the same parties to proceed in two different courts at the same time. If I did reach the question of convenience and concluded that Illinois is the proper forum for the suit, my counterpart in Minnesota might make the opposite decision, resulting in the untenable outcome of redundant and possibly conflicting decisions. The motion for transfer is GRANTED.